IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOMINIQUE JORDAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.  ADC-24-01027 |
| | * | |
| WALMART, INC., *et al.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## **MEMORANDUM OPINION**

Defendants Walmart, Inc. and Wal-Mart Real Estate Business Trust (collectively "Walmart" or "Defendants") moved this Court to grant summary judgment in their favor and dismiss Plaintiff Dominique Jordan's Complaint, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 105.[1] ECF No. 20. Specifically, Defendants argue that "there exists no genuine dispute of any material fact, and Defendants are entitled to judgment as a matter of law." *Id.* at 1. Plaintiff has filed a Request for Hearing and Response in Opposition. ECF No. 21. After considering the Defendants' Motion and the responses thereto, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2023).

For the reasons stated herein, the Court will GRANT Defendants' motion for summary judgment.

---

[1] On April 11, 2024, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with Standing Order 2019-07. ECF No. 4. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 13.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 6, 2022, around 11:30 a.m., Plaintiff and her mother went to the Columbia, Maryland Walmart store, which Plaintiff visits regularly, to shop for groceries. ECF No. 20-2 at 22:22–24:6. Plaintiff entered the store through the main entrance, where she passed a cart wipe station that contained sanitizing wipes for customers to use on their cart handles. *Id.* at 24:17-25:7. Plaintiff further recalled that the lighting was "perfect" in the store. *Id.* at 27:10-13.

Upon entering the store, Plaintiff proceeded down the primary aisle toward the bread aisle, approximately ten to fifteen steps from the entrance. *Id.* at 28:1-6. When walking down the aisle, Plaintiff states that she "just felt my leg just slide apart from the other one and I hit a boom on the . . . floor." *Id.* at 29:24-30-2. In her deposition, Plaintiff claims that she slipped on a dry cart wipe that had been on the floor. *Id.* at 30:3-9. Plaintiff did not see the wipe before slipping on it, nor did she see any other wipes in the area other than the ones contained in the wipe station at the front of the store. *Id.* at 30:7-16. Plaintiff did not see any Walmart associates in the area, nor any other customers walking down the same aisle before she fell, and she could not say how long the wipe had been on the floor or how it came to be there. *Id.* at 31:1-25. Further, Plaintiff testified that the white wipe blended in with the color of the white tile floor and it was therefore difficult to see. *Id.* at 32:16-18.

Plaintiff's mother, who was pushing a shopping cart behind Plaintiff, did not see anything on the floor prior to Plaintiff's fall. ECF No. 20-5 at 13:20-24. Plaintiff's mother did not know how long the wipe had been on the floor or who caused it to be there. *Id.* at

2

15:25-16:7. Plaintiff's mother also does not recall seeing any other patrons or Walmart associates in the vicinity before the fall. *Id.* at 15:1-11.

Store surveillance video footage captures the alleged incident from two angles. ECF No. 20-6. No wipe is visible on the floor in the video, nor does the video show how the wipe came to be on the floor. *Id.* During the one hour prior to the fall, the video shows regular activity in the area, including nearly 50 individuals walking over the exact spot of the fall. *Id.* No one appears to react to the wipe on the floor. *Id.* However, the video does show Walmart associates walk through the general vicinity, and one associate walks down the subject aisle shortly before Plaintiff does. *Id.* Still, neither this individual nor any other Walmart associate reacts to anything on the floor and there are no indications that any Walmart personnel saw or knew about the wipe on the floor. *Id.*

Store protocol dictates that, in the event any Walmart personnel had seen a wipe like the one here, he or she should have immediately stopped to pick it up or stood guard in the area until maintenance could be called to assist. ECF No. 20-7. The store employs at least one maintenance associate on duty whose specific job is to conduct cleaning activities during each shift, including "safety sweeps" every hour to check for potential hazards on the sales floor. *Id.* The store also implements "strategic maintenance plans" to conduct extra maintenance activities during busy hours. *Id.*

Plaintiff filed the present lawsuit in Howard County Circuit Court on February 23, 2024. ECF No. 2. A Notice of Removal was subsequently filed with this Court on April 9, 2024. ECF No. 1. Months later, Defendants filed a motion for summary judgment with

this Court on November 22, 2024. Plaintiff has responded in opposition, ECF No. 21, and Defendants have further filed a reply. ECF No. 25.

## DISCUSSION

**Standard of Review**

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a). *See English v. Clarke*, 90 F.4th, 636, 645 (4th Cir. 2023) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." (emphasis in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Anderson*, 477 U.S. at 248. There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the Court has drawn all reasonable inferences in favor of the nonmoving party and "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted); *see also McMichael v. James Island Charter School*, 840 Fed.Appx. 723, 726 (4th Cir. 2020).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-

movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

**Analysis**

In an action brought under a federal court's diversity jurisdiction, the court is to apply the substantive law of the state in which it sits. *Mathis v. Terra Renewal Serv. Inc.*, 69 F.4th 236, 242 (4th Cir. 2023); *Lewis v. Waletzky*, 422 Md. 647, 657 (2011). In Maryland, "[t]he elements of a cause of action for negligence are (1) a legally cognizable duty on the part of the defendant owing to the plaintiff, (2) a breach of that duty by the defendant, (3) actual injury or loss suffered by the plaintiff, and (4) that such injury or loss resulted from the defendant's breach of the duty." *Green v. N. Arundel Hosp. Ass'n, Inc.*, 366 Md. 597, 607 (2001).

In the context of premises liability, a property owner's duty of care to one who enters the property depends upon the entrant's legal status. *Baltimore Gas & Elec. Co. v. Flippo*, 348 Md. 680, 688 (1998); *Rivas v. Oxon Hill Joint Venture*, 130 Md. App. 101, 109 (2000). Maryland law recognizes four classifications of entrants: "an invitee (i.e.[,] a business invitee), a licensee by invitation (i.e., a social guest), a bare licensee, or a trespasser." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 387-388 (1997).

"The highest duty is owed to a business invitee, defined as 'one invited or permitted to enter another's property for purposes related to the landowner's business.'" *Id.* at 388 (quoting *Casper v. Chas. F. Smith & Son, Inc.*, 71 Md. App. 445, 457 (1987), aff'd, 316 Md. 573 (1989)).

A store owner is not, however, an insurer of the safety of customers, i.e., business invitees, and there is no presumption of negligence on the part of the owner merely from the fact that a customer sustained an injury in the owner's store. *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636 (1994); *Moulden v. Greenbelt Consumer Serv., Inc.*, 239 Md. 229, 232 (1965). A store owner must only "exercise reasonable care to 'protect the invitee from injury caused by an unreasonable risk' that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety, and about which the owner knows or could have discovered in the exercise of reasonable care." *Tennant*, 115 Md. App. at 388 (quoting *Casper*, 71 Md. App. at 457). Thus, to sustain a negligence cause of action in a premises liability case, the business invitee must show that the store owner created the dangerous condition or had actual or constructive knowledge that it existed. *Moulden*, 239 Md. at 232; *Rehn v. Westfield Am.*, 153 Md. App. 586, 593 (2003); *Tennant*, 115 Md. App. at 389.

Here, Plaintiff has provided sufficient evidence to demonstrate the existence of a dangerous condition. Specifically, Plaintiff's deposition describes how she slipped on the wipe and sustained injuries due to the incident. ECF No. 20-2. Plaintiff has further referenced a video that appears to corroborate her account, at least in part. ECF No. 20-6. While Defendants have stressed that neither Plaintiff nor other witnesses actually saw the

wipe prior to Plaintiff's fall, ECF No. 20-1 at 3, Plaintiff has still provided sufficient evidence to demonstrate the existence of a dangerous condition. "The district court's 'function' is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Allstate Insurance Company v. Rochkind*, 381 F.Supp.3d 488, 507 (D.Md. 2019) (citing *Anderson*, 477 U.S. at 249).

However, Plaintiff must further show that Defendants had notice of the dangerous condition. "A business invitor is deemed to have constructive notice of a hazardous condition on its premises when 'it appears that the storekeeper could have discovered the condition by the exercise of ordinary care.'" *Konka v. Wal-Mart Stores, Inc.*, 133 F.3d 915, 1998 WL 24378, at *3 (4th. Cir. 1998) (quoting *Rawls*, 207 Md. 113, 120 (1955)). To prove constructive knowledge, it "is necessary for the plaintiff to show how long the dangerous condition has existed." *Joseph v. Bozzuto Management Co.*, 173 Md.App. 305, 316 (2007). Plaintiff cannot recover "unless it appears that the storekeeper could have discovered the condition by the exercise of ordinary care so that, if it is shown that the condition existed for a length of time sufficient to permit a person under a duty to discover it if he had exercised ordinary care, his failure to discover it may in itself be evidence of negligence sufficient to charge him with knowledge of it." *Rybas v. Riverview Hotel Corp.*, 21 F.Supp.3d 548, 567 (D.Md. 2014) (citing *Rawls*, 207 Md. at 120). Time on the floor evidence "is relevant, not only as to notice but also as to the issue of what care was exercised." *Rybas*, 21 F.Supp.3d at 568 (quoting *Maans v. Giant of Maryland, LLC*, 161 Md.App. 620, 639–40 (2005)).

Here, Defendants claim that they did not have actual or constructive notice of the alleged hazard. ECF No. 20-1 at 6. Defendants convincingly argue their position in their motion, where they state there "is no evidence that any Walmart personnel had actual knowledge of the existence of the wipe on the floor prior to the alleged incident, or that any Walmart personnel created the alleged hazard by dropping the wipe on the floor." *Id.* Specifically, Defendants point to Plaintiff's deposition, where she states that she did not know who caused the wipe to be on the floor prior to the incident, along with the deposition of Plaintiff's mother, who had no information as to how the wipe came to be in the aisle. *Id.* Defendants also stress that the surveillance video of the incident does not capture any Walmart associates dropping the wipe or reacting to it in any way. *Id.*

Plaintiff, on the other hand, disputes this characterization in her response. ECF No. 21. As to actual notice, Plaintiff points to evidence of a previous incident involving a customer slipping on a cleaning wipe as demonstrating that "a jury can reasonably conclude that the Defendants were on actual notice that the Walmart-distributed wipes were foreseeably hazardous to customers." *Id.* at 6. Plaintiff also argues that Defendants had constructive notice here, pointing to Walmart's policies that require hourly safety sweeps, claiming that these sweeps would have identified and removed the hazardous wipes had the policy been followed. *Id.* at 7.

Plaintiff further claims that, because the video evidence does not demonstrate how the wipe came to be on the floor, this "shows that the wipe was on the floor for more than one hour before Plaintiff's fall[.]" *Id.* at 8. As the parties have stated in their memoranda, ECF Nos. 20-1 & 21, debates over how long the allegedly defective condition was in place

8

weigh heavily on whether Defendants had notice of the alleged condition. *See, e.g.*, *Groat v. Wal-Mart Stores, Inc.*, No. WGC-10-235, 2010 WL 5391515, at *10 (D.Md. Dec. 20, 2010) ("Mrs. Groat has not presented any evidence about 'time on the floor' nor is there any statement by a Wal–Mart employee indicating the store was aware of the dangerous condition before Mrs. Groat slipped and fell."); *Maans v. Giant Of Maryland, L.L.C.*, 161 Md.App. 620, 640 (2005) ("Doing away with the requirement that the invitee must prove how long the dangerous condition existed pre-injury is the functional equivalent of doing away with the requirement that the plaintiff prove that the defendant's negligence was the proximate cause of the plaintiff's injury").

However, in their Reply, Defendants convincingly argue against each point that Plaintiff raises in her Response and successfully demonstrate why Defendants are entitled to summary judgment in their favor here. ECF No. 25. As an initial matter, Defendants adequately rebut Plaintiff's arguments as to actual notice. *Id.* at 3-4. While Plaintiff claims that a prior incident at the Walmart here involving a sanitation wipe put Defendants on actual notice, Defendants convincingly argue that such an approach would embrace the "mode-of-operation" rule that courts in Maryland have specifically rejected. *See Maans*, 161 Md.App. at 638 (reasoning that the mode-of-operation rule is at odds with caselaw in Maryland as the approach does not require the invitee to provide time on the floor evidence).

As to constructive notice, Defendants accurately restate Plaintiff's position in their motion. ECF No. 20-1. In sum, the "only evidence that Plaintiff has pointed to in order to try to demonstrate how long the wipe had been on the floor is the surveillance video, which

Plaintiff herself admits does not even show how the wipe came to be on the floor." *Id.* at 6. In other words, Plaintiff's argument here largely rests on mere speculation, as opposed to providing grounds on which a jury could reasonably find for Plaintiff. *See also Anderson*, 477 U.S. at 252.

Lastly, Plaintiff further errs in her reasoning as to Defendants' allegedly creating the hazard and failing to abide by internal policies. As Defendants explain in their Reply, the situation here is hardly comparable to the one in *Konka*, where the Fourth Circuit found that a Walmart leaving a door open in a rainstorm could have arguably created the condition for a Plaintiff to fall in the store. 1998 WL 24378, at *4. Here, in contrast to *Konka*, the Plaintiff alleges that Defendants created the dangerous condition when they provided sanitation wipes to customers in the wake of the Covid-19 pandemic. However, this, in and of itself, did not create a dangerous condition here, and Plaintiff has provided no evidence that Defendants somehow caused the wipe to be in the aisle where Plaintiff fell. Lastly, as Defendants explain in their reply, the mere existence of an internal policy here does not impose an enhanced duty of care on Defendants, and Defendants' alleged violation of this policy is not sufficient to defeat their motion for summary judgment. *See also Duncan-Bogley v. U.S.*, 356 F.Supp.3d 529, 537 (D.Md. 2018) (reasoning that internal policies of the U.S. Postal Service do not carry the force of law that would support a finding of negligence per se).

The Court is aware that it must draw all reasonable inferences in favor of the nonmovant here. However, the Court may still grant summary judgment where evidence offered by the nonmovant is merely colorable, or not significantly probative. *See, e.g.*,

*Anderson*, 477 U.S. at 249. Accordingly, this Court will grant Defendants' motion for summary judgment as to all counts of Plaintiff's Complaint.

## **CONCLUSION**

For the reasons set forth in this Memorandum Opinion, Defendants' Motion (ECF No. 20) is GRANTED. A separate Order will follow.

Date:  January 30, 2025

A. David Copperthite
United States Magistrate Judge