IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOMINIQUE JORDAN, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. ADC-24-01027 |
| WALMART, INC., *et al.* | * |
| Defendants. | * |

## **MEMORANDUM OPINION**

Dominque Jordan ("Plaintiff") has filed a Motion for Reconsideration with this Court. ECF No. 29. This Motion concerns this Court's Memorandum Opinion dated January 30, 2025. ECF No. 27.[1] ECF No. 20. Among other alleged shortcomings, Plaintiff argues that this Court "determined the merits of Defendants' Motion for Summary Judgment under a standard of review that was more exacting on the non-moving party than what is otherwise required by law." ECF No. 29 at 4. After considering the Plaintiff's Motion and the relevant memoranda, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2023).

For the reasons stated herein, the Court will DENY Plaintiff's motion.

---

[1] On April 11, 2024, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with Standing Order 2019-07. ECF No. 4. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 13.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On August 6, 2022, around 11:30 a.m., Plaintiff and her mother went to the Columbia, Maryland Walmart store, which Plaintiff visits regularly, to shop for groceries. ECF No. 20-2 at 22:22–24:6. Plaintiff entered the store through the main entrance, where she passed a cart wipe station that contained sanitizing wipes for customers to use on their cart handles. *Id.* at 24:17-25:7. Plaintiff further recalled that the lighting was "perfect" in the store. *Id.* at 27:10-13.

Upon entering the store, Plaintiff proceeded down the primary aisle toward the bread aisle, approximately ten to fifteen steps from the entrance. *Id.* at 28:1-6. When walking down the aisle, Plaintiff states that she "just felt my leg just slide apart from the other one and I hit a boom on the . . . floor." *Id.* at 29:24-30-2. In her deposition, Plaintiff claims that she slipped on a dry cart wipe that had been on the floor. *Id.* at 30:3-9. Plaintiff did not see the wipe before slipping on it, nor did she see any other wipes in the area other than the ones contained in the wipe station at the front of the store. *Id.* at 30:7-16. Plaintiff did not see any Walmart associates in the area, nor any other customers walking down the same aisle before she fell, and she could not say how long the wipe had been on the floor or how it came to be there. *Id.* at 31:1-25. Further, Plaintiff testified that the white wipe blended in with the color of the white tile floor and it was therefore difficult to see. *Id.* at 32:16-18.

Plaintiff's mother, who was pushing a shopping cart behind Plaintiff, did not see anything on the floor prior to Plaintiff's fall. ECF No. 20-5 at 13:20-24. Plaintiff's mother did not know how long the wipe had been on the floor or who caused it to be there. *Id.* at

15:25-16:7. Plaintiff's mother also does not recall seeing any other patrons or Walmart associates in the vicinity before the fall. *Id.* at 15:1-11.

Store surveillance video footage captures the alleged incident from two angles. ECF No. 20-6. No wipe is visible on the floor in the video, nor does the video show how the wipe came to be on the floor. *Id.* During the one hour prior to the fall, the video shows regular activity in the area, including nearly 50 individuals walking over the exact spot of the fall. *Id.* No one appears to react to the wipe on the floor. *Id.* However, the video does show Walmart associates walk through the general vicinity, and one associate walks down the subject aisle shortly before Plaintiff does. *Id.* Still, neither this individual nor any other Walmart associate reacts to anything on the floor and there are no indications that any Walmart personnel saw or knew about the wipe on the floor. *Id.*

Store protocol dictates that, in the event any Walmart personnel had seen a wipe like the one here, he or she should have immediately stopped to pick it up or stood guard in the area until maintenance could be called to assist. ECF No. 20-7. The store employs at least one maintenance associate on duty whose specific job is to conduct cleaning activities during each shift, including "safety sweeps" every hour to check for potential hazards on the sales floor. *Id.* The store also implements "strategic maintenance plans" to conduct extra maintenance activities during busy hours. *Id.*

Plaintiff filed the present lawsuit in Howard County Circuit Court on February 23, 2024. ECF No. 2. A Notice of Removal was subsequently filed with this Court on April 9, 2024. ECF No. 1. Months later, Defendants filed a motion for summary judgment with this Court on November 22, 2024. Plaintiff responded in opposition, ECF No. 21, and

Defendants further filed a reply. ECF No. 25. After reviewing the relevant pleadings, this Court filed a Memorandum Opinion on January 30, 2025 (ECF No. 27), dismissing Plaintiff's complaint. Plaintiff proceeded to file a Motion for Reconsideration with this Court on February 7, 2025. ECF No. 29.

## DISCUSSION

### Standard of Review

A motion for reconsideration may be granted by the Court: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. NASCAR*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *Zinkland v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). In context of the current case, Plaintiff requests that this Court reconsider its Memorandum Opinion that granted Summary Judgment in Defendants' favor. ECF No. 29.

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a). *See English v. Clarke*, 90 F.4th, 636, 645 (4th Cir. 2023) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." (emphasis in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could

affect the outcome. *Anderson*, 477 U.S. at 248. There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the Court has drawn all reasonable inferences in favor of the nonmoving party and "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted); *see also McMichael v. James Island Charter School*, 840 Fed.Appx. 723, 726 (4th Cir. 2020).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

**Analysis**

Plaintiff's motion sets forth three arguments. ECF No. 29. As an initial matter, Plaintiff claims that this Court did not construe all inferences in her favor as is appropriate at the summary judgment stage. *Id.* at 5. Second, Plaintiff alleges that this Court improperly conflated facts establishing the creation of the dangerous condition with time-on-the-floor evidence relating to the alleged dangerous condition. ECF No. 29 at 7. Lastly, Plaintiff

alleges that this Court imposed a burden of proof more exacting than that required by law. *Id.* at 7.

The common critique in Plaintiff's motion relates to how this Court interpreted the most significant piece of evidence referenced here: the video footage that captures Plaintiff's fall. It was, and continues to be, this Court's view that the video evidence is simply not significantly probative as to any material facts at issue. While this Court agrees that it must draw all reasonable inferences in favor of the nonmoving party where it concerns motions for summary judgment, the nonmoving party must still establish that there is a genuine issue of material fact for trial. *See, e.g., Bouchat*, 346 F.3d at 522. Here, the video evidence provides no information as to how long the sanitation wipe was on the floor or how it came to be there. Specifically, the video is not of high enough quality to make the inference, as Plaintiff would, that the wipe remained on the floor for any definite period of time prior to Plaintiff's fall. Even if Plaintiff were able to provide time-on-the-floor evidence, which it has not, Plaintiff also provided no significantly probative evidence as to whether Defendants were on notice here. Thus, Plaintiff's Complaint fell short on multiple fronts here.

In sum, this Court never expected, nor did it ever state, that it expected Plaintiff to definitively establish its case prior to Defendants' Motion for Summary Judgment. However, as this Court stated in its original Memorandum Opinion, the evidence put forth by Plaintiff here is, at most, merely colorable and not significantly probative. *See, e.g., Anderson*, 477 U.S. at 249–50. Plaintiff thereby failed to point to specific facts that demonstrate that there is a genuine issue for trial. Given this, and because there has been

no intervening change in controlling law, new evidence, or a clear error of law here, this Court will deny Plaintiff's motion.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Plaintiff's Motion (ECF No. 29) is DENIED. A separate Order will follow.

Date: 14 February 2025

A. David Copperthite
United States Magistrate Judge